UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>VICENCIO PALMA-SALAZAR,<br><br>    Defendant. | No. CR13-49RSL<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 |

  This matter comes before the Court on defendant's pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582, Dkt. # 370, which the government opposes, Dkt. # 373.  Having reviewed the parties' briefing and the relevant record, the Court finds as follows.

  On March 11, 2015, defendant Vicencio Palma-Salazar entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C).  Defendant pled guilty to one count of conspiracy to distribute cocaine, heroin, and methamphetamine (under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846).  Dkt. # 262.  The parties agreed to recommend a sentence of 120 months' imprisonment.  Dkt. # 262, ¶ 14.  On June 26, 2015, the Court followed the parties' recommendation and sentenced defendant to 120 months' imprisonment, followed by five years of supervised release.  Dkt. # 300.

  On December 23, 2016, defendant filed this motion to reduce his sentence under 18

ORDER DENYING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582

U.S.C. § 3582. That provision authorizes courts to reduce a previously imposed sentence in light of subsequent amendments to the Sentencing Guidelines. In requesting a sentence reduction, defendant relies on Amendment 788 to the Sentencing Guidelines, which made Amendment 782 (reducing the recommended penalties for most drug offenses by lowering the offense levels on the § 2D1.1 Drug Quantity Table) retroactively applicable. But because Amendment 782 became effective on November 1, 2014, defendant's sentencing in June 2015 already took into account the reduced base offense levels.

Specifically, using the 2014 Guidelines Manual, U.S. Sentencing and Probation calculated defendant's base offense level as Level 34, corresponding to the equivalent of 10,119 kilograms of marijuana. Dkt. # 284, ¶¶ 33, 34. Had defendant's base offense level been calculated using the pre-Amendment 782 Guidelines, the equivalent of 10,119 kilograms of marijuana would have resulted in a base offense level of Level 36. See U.S.S.G. § 2D1.1(c)(2) (2013 ed.), amended eff. Nov. 1, 2014. Accordingly, Amendment 782 does not change defendant's Guidelines range.

Moreover, defendant's actual sentence of 120 months' imprisonment is the statutory mandatory minimum term, see 21 U.S.C. § 841(b)(1)(A), and so even if Amendment 782 applied to defendant's sentence, the Court could not reduce defendant's sentence any further. See United States v. Paulk, 569 F.3d 1094, 1095–96 (9th Cir. 2009) (per curiam).

Accordingly, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 (Dkt. # 370) is DENIED.

1     Dated this 14th day of March, 2017.

3                                                 /s/ Robert S. Lasnik

4                                                 Robert S. Lasnik
                                                  United States District Judge

26 ORDER DENYING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582                 -3-